setting forth the second cause of action is granted; however, the order to be entered hereon may contain an appropriate provision that the granting of this application is without prejudice to the defendant's right to contend that the new cause of action did not arise "out of the conduct, transaction or occurrence" set forth in the original complaint and to interpose the defense of any applicable statute of limitations, such issues to be determined upon the trial, unless disposed of prior thereto.

Settle order on notice.

WEINFELD, District Judge.

Plaintiff's motion to limit the notice for the taking of her deposition to written interrogatories is denied. The nature of the defense and the necessity for confronting and questioning plaintiff with original documents bearing her signature indicate the necessity for oral examination.

If plaintiff prefers not to make the trip to New York for the taking of her deposition, the order to be submitted may contain an alternative provision that the deposition be taken at Los Angeles, California, where she resides, upon condition that the expenses of defendant's attorney and a reasonable counsel fee in an amount to be fixed by the court be paid.

Settle order on notice.

## GROLL v. STOLKIN.

United States District Court
S. D. New York.
Jan. 24, 1951.

Reich, Peller & Devaney, New York City, for plaintiff.

Alexander Dreiband, New York City, for defendant.

## FLORES v. MATSON NAV. CO.

United States District Court
S. D. New York.
Dec. 4, 1951.

